[Cite as *State v. Wolfe*, 2025-Ohio-2096.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. Andrew J. King, P.J. |
| Plaintiff-Appellee | Hon. William B. Hoffman, J.<br>Hon. David M. Gormley, J. |
| -vs- | |
| LORI WOLFE | Case No. 24 CAC 11 0097 |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDINGS:      Appeal from the Delaware Municipal
                               Court, Case No. 24 TRC 02593

JUDGMENT:                      Affirmed


DATE OF JUDGMENT ENTRY:        June 13, 2025

APPEARANCES:

For Plaintiff-Appellee                 For Defendant-Appellant

TYLER A. SANDERS                       RICHARD PIATT
Assistant Prosecutor                   Piatt Law, LLC
70 North Union Street                  760 Morrison Road, Suite B
Delaware, Ohio 43015                   Columbus, Ohio 43230

*Hoffman, J.*

{¶1} Defendant-appellant Lori Wolfe appeals her conviction and sentence entered by the Delaware Municipal Court, on one count of operating a motor vehicle under the influence of alcohol or drugs, after her no contest plea following the trial court's denial of her motion to suppress. Plaintiff-appellee is the State of Ohio.

STATEMENT OF THE CASE AND FACTS

{¶2} On March 27, 2024, Appellant was charged with one count of operating a motor vehicle while under the influence of alcohol or drugs, in violation of R.C. 4511.19(A)(1)(a) a misdemeanor of the first degree; and one count of operating a motor vehicle while under the influence of alcohol or drugs with a prior OVI refusal, in violation of R.C. 4511.19(A)(2), a misdemeanor of the first degree. Appellant entered pleas of not guilty to the charges.

{¶3} On May 31, 2024, Appellant filed a motion to suppress. Therein, Appellant challenged the propriety of the traffic stop. The trial court conducted a suppression hearing on June 26, 2024.

{¶4} Delaware County Sheriff's Deputy Jadyn Cline was the only witness called to testify at the hearing. Deputy Cline testified he was on duty in a marked patrol vehicle on March 27, 2024, when he received a report on his computer-aided dispatch ("CAD") system. Deputy Cline explained the information relayed on the CAD system is entered in real time by the 9-1-1 call taker or dispatcher as he/she is speaking with the 9-1-1 caller or complaining party. Records from the CAD system are retained in the ordinary course of business. The CAD report was admitted into evidence as State's Exhibit 1.

{¶5} The CAD report informed Deputy Cline of a reckless driver who was heading southbound on South Old State Road near Hollenback Road. Deputy Cline was

traveling northbound on South Old State Road at the time. The complaining party, who Deputy Cline later learned was an individual named Ross Cameron, advised he was almost hit head-on by the vehicle, a black SUV, near the intersection of South Old State Road and Hollenback Road. Cameron also indicated the driver was running stop signs and driving through residential yards. Cameron added the vehicle turned onto Hollenback Road then onto Topsail Drive. Cameron provided the license plate number of the vehicle. Cameron continued to update the location of the vehicle.

{¶6} Deputy Cline drove towards Hollenback Road, then north on Topsail Drive. The deputy was flagged down by Cameron, who was flashing the lights of his truck. Cameron pointed through the window the vehicle was behind him. Deputy Cline turned around and followed the vehicle. After verifying the license plate, the deputy initiated a traffic stop. While following the vehicle, Deputy Cline observed the vehicle drive in the middle of the unmarked roadway and fail to maintain lanes of sufficient width.

{¶7} Via Judgment Entry filed August 1, 2024, the trial court denied Appellant's motion to suppress. The trial court found Deputy Cline had reasonable suspicion to effectuate the stop of Appellant's vehicle based upon the information contemporaneously relayed through the CAD system by an identified citizen informant as well as Deputy Cline's personal observations of Appellant's driving.

{¶8} On October 29, 2024, following the denial of her motion to suppress, Appellant pled no contest to one count of operating a motor vehicle while under the influence of alcohol or drugs, in violation of R.C. 4511.19(A)(1)(a). The State dismissed the charge of OVI with refusal, in violation of R.C. 4511.19(A)(2). The trial court accepted Appellant's plea, found her guilty, and sentenced her to 180 days in jail with 170

days suspended. The trial court memorialized Appellant's conviction and sentence via Final Judgment Entry issued October 29, 2024.

{¶9} It is from this judgment entry Appellant appeals, raising as her sole assignment of error:

THE TRIAL COURT ERRED BY DENYING APPELLANT'S MOTION TO SUPPRESS.

*Standard of Review*

{¶10} Appellate review of a motion to suppress presents a mixed question of law and fact. *State v. Burnside,* 2003-Ohio-5372, ¶ 8. When ruling on a motion to suppress, the trial court assumes the role of trier of fact and is in the best position to resolve questions of fact and to evaluate witness credibility. *See State v. Dunlap*, 1995-Ohio-243; *State v. Fanning*, 1 Ohio St.3d 19, 20 (1982). Accordingly, a reviewing court must defer to the trial court's factual findings if competent, credible evidence exists to support those findings. *See Burnside, supra; Dunlap, supra; State v. Long*, 127 Ohio App.3d 328 (4th Dist. 1998). However, once this Court has accepted those facts as true, we must independently determine as a matter of law whether the trial court met the applicable legal standard. *See Burnside, supra, citing State v. McNamara,* 124 Ohio App.3d 706 (4th Dist. 1997). That is, the application of the law to the trial court's findings of fact is subject to a de novo standard of review. *Ornelas v. United States,* 517 U.S. 690 (1996). Moreover, due weight should be given "to inferences drawn from those facts by resident judges and local law enforcement officers." *Ornelas, supra* at 698.

I

{¶11} The Fourth Amendment permits brief investigative stops when a law enforcement officer has "a particularized and objective basis for suspecting the particular person stopped of criminal activity." *United States v. Cortez*, 449 U.S. 411, 417-418 (1981); *see Terry v. Ohio*, 392 U.S. 1, 21-22 (1968). The "reasonable suspicion" necessary to justify such a stop "is dependent upon both the content of information possessed by police and its degree of reliability." *Alabama v. White*, 496 U.S. 325, 330 (1990). The reasonableness of an investigatory stop is determined by considering the totality of the circumstances as they were known to the officer prior to the stop, together with reasonable inferences which could be drawn from the circumstances, bearing in mind each piece of information may vary greatly in its value and degree of reliability. *State v. Tidwell*, 2021-Ohio-2072, ¶ 40, citing *White*, supra.

{¶12} The United States Supreme Court has "firmly rejected the argument 'that reasonable cause for a[n investigative stop] can only be based on the officer's personal observation, rather than on information supplied by another person.' " (Brackets sic.) *Navarette v. California*, 572 U.S. 393, 397 (2014), quoting *Adams v. Williams*, 407 U.S. 143, 147 (1972). However, the United States Supreme Court has acknowledged "an anonymous tip alone seldom demonstrates the informant's basis of knowledge or veracity," because "ordinary citizens generally do not provide extensive recitations of the basis of their everyday observations," and an anonymous tipster's veracity is " 'by hypothesis largely unknown, and unknowable.' " *White*, *supra,* at 329.

{¶13} When "the information possessed by the police before the stop stems solely from an informant's tip, the determination of reasonable suspicion is limited to an

examination of the weight and reliability due that tip." *Maumee v. Weisner*, 87 Ohio St.3d 295, 299 (1999). "The appropriate analysis, then, is whether the tip itself has sufficient indicia of reliability to justify the investigative stop." *Id.* Factors considered " 'highly relevant in determining the value of [the informant's] report' " are the informant's veracity, reliability, and basis of knowledge. *Id.*, quoting *White*, *supra,* at 328.

{¶14} Ohio courts have recognized three categories of informants: (1) anonymous informants, (2) known informants (someone from the criminal world who has provided previous reliable tips), and (3) identified citizen informants. *Id.* at 300. "[A]n anonymous informant is comparatively unreliable and his tip, therefore, will generally require independent police corroboration." *Id.*, citing *White*, 496 U.S. at 329. The identified citizen informant is accorded a greater degree of reliability. *Weisner* at 300. Tips offered by identified citizen informants may be considered "highly reliable" without "a strong showing as to other indicia of reliability[.]" *Id.*

{¶15} The categorization of the informant is not outcome-determinative and instead is only one element of the totality of the circumstances analysis. *Id.* at 302. "A non-exhaustive list of other considerations includes whether the tipster personally observed the crime being reported, whether the tipster identified himself or herself, whether the tipster used the 911 emergency system, whether the tip was about a past or presently occurring crime, whether the tip contained particularized details and predictive information, and any motivation the tipster may have had in conveying the tip." *State v. Tincher*, 2022-Ohio-1701, ¶ 10 (9th Dist.).

{¶16} In the instant case, we find the trial court did not err in concluding Deputy Cline had reasonable suspicion to conduct an investigatory stop. The information Deputy

Cline received via the CAD system in his cruiser was provided by an identified citizen informant, Ross Cameron, who gave his name, phone number, and address to personnel at the Delaware County Sheriff's Office. Cameron described Appellant's vehicle including the license plate number, the roads on which Appellant was traveling, and the direction in which Appellant was traveling. Cameron detailed Appellant's reckless driving as he observed it in real time. He continued to update the location of Appellant's vehicle. Cameron stayed in the area until Deputy Cline arrived and identified the vehicle for the deputy. Contrary to Appellant's assertion, she was not pulled over by Deputy Cline based upon an anonymous tip.

{¶17} As noted above, an informant's tip can, on its own, create reasonable suspicion justifying an investigatory stop where the tip has sufficient indicia of reliability. *Weisner* 87 Ohio St.3d at 299. Given the indicia of reliability surrounding the tip from Cameron, we are not persuaded by Appellant's contention Deputy Cline's failure to personally observe Appellant commit a traffic violation undermined the reliability of the tip. Furthermore, "[a] police officer need not always have knowledge of the specific facts justifying a stop and may rely, therefore, upon a police dispatch or flyer." *Id.* at 297, citing *United States v. Hensley*, 469 U.S. 221, 231 (1985). Deputy Cline properly relied upon the information he received via the CAD system in his cruiser.

{¶18} In addition, Deputy Cline testified, while he was following Appellant's vehicle, he observed "the vehicle was driving in the middle of the unmarked roadway and was not maintaining lanes of sufficient width." Transcript of Suppression Hearing at pp. 10-11. On cross-examination, Deputy Cline stated, "I observed her while we were traveling southbound. She was driving in the center of the road, more to the left than to

the right as one would drive." *Id.* at p. 28. Any traffic violation, even a *de minimis* violation, may form a sufficient basis upon which to stop a vehicle. *State v. Bangoura*, 2009-Ohio-3339 ¶14 (5th Dist.); *State v. Woods*, 2013-Ohio-1136, ¶60 (5th Dist.).

**{¶19}** Based upon the totality of the circumstances, we find Deputy Cline had reasonable suspicion to initiate the traffic stop of Appellant's vehicle. We further find the trial court's denial of Appellant's motion to suppress was based on competent, credible evidence.

**{¶20}** Appellant's sole assignment of error is overruled.

**{¶21}** The judgment of the Delaware Municipal Court is affirmed.


By: Hoffman, J.
King, P.J. and
Gormley, J. concur